**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA FANCHER,**

                       **Plaintiff,**                   3:12-cv-1505
                                                                                   (GLS)

                           v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,

                       **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hinman, Howard Law Firm              JACQUELINE A. BAIN, ESQ.
P.O. Box 5250                                  EUGENE D. FAUGHNAN, ESQ.
80 Exchange Street
700 Security Mutual Building
Binghamton, NY 13902-5250

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN       JOANNE JACKSON
United States Attorney                   Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**

**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Linda Fancher challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Fancher's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

On July 31, 2007, Fancher filed an application for DIB under the Social Security Act ("the Act"), alleging disability since August 5, 2005. (Tr.[1] at 38, 88-90.)[2] After her application was denied, (*id.* at 41-48), Fancher requested a hearing before an Administrative Law Judge (ALJ), which was held on April 10, 2009 before ALJ Dennis O'Leary, (*id.* at 17-35). On June 3, 2009, ALJ O'Leary issued an unfavorable decision denying the requested benefits. (*Id.* at 7-16.) After the Appeals Council's

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 6.)

[2] Fancher also filed an application for Supplemental Security Income (SSI) on July 12, 2007, but in her complaint, she appeals only the ALJ's decision denying DIB. (*See* Compl.; Tr. at 40, 84-87.)

subsequent denial of review, Fancher commenced an action in Federal District Court and, on consent of the parties, the matter was remanded for further administrative proceedings. (*Id.* at 1-6, 444-46.) Thereafter, the Appeals Council remanded the case to ALJ Elizabeth Koennecke (hereinafter "the ALJ") who again denied Fancher's claim. (*Id.* at 460-63, 501.) This became the Commissioner's final determination upon the Appeals Council's denial of review. (*Id.* at 389-92.)

Fancher commenced the present action by filing her complaint on October 3, 2012 wherein she sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 5, 6.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 14.)

### III. **Contentions**

Fancher contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 10 at 6-9.) Specifically, Fancher claims that the ALJ erred in: (1) excluding anxiety from her severity determination; (2) applying the treating physician rule; and (3) determining Fancher's residual functional capacity (RFC). (*Id.*) The Commissioner counters that the appropriate legal standards were

used by the ALJ and her decision is also supported by substantial evidence. (Dkt. No. 14 at 5-11.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (Dkt. No. 10 at 3-5; Dkt. No. 14 at 3.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Severity Determination

First, Fancher contends that the ALJ "improperly discounted anxiety as a severe impairment." (Dkt. No. 10 at 6-7.) According to Fancher, because consultative examiner Dennis Noia found that she suffers from severe anxiety, the ALJ's decision that such impairment was not severe

4

under the regulations is not supported by substantial evidence.[3] (*Id.*) The Commissioner counters, and the court agrees, that the ALJ properly found that Fancher's anxiety disorder was not a severe impairment. (Dkt. No. 14 at 5-8.)

A claimant has the burden of establishing that she has a "severe impairment," which is "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As pertinent here, basic work activities are "the abilities and aptitudes necessary to do most jobs," including: "[u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b)(3)-(6). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3

---

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citation omitted).

(N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). Instead, with respect to mental impairments, an ALJ must apply the "special technique" set out in 20 C.F.R. § 404.1520a, which necessitates her consideration of "four broad functional areas" that include: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The first three areas are rated on a five-point scale: "[n]one, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). "[I]f the degree of limitation in each of the first three areas is rated 'mild' or better, and no episodes of decompensation are identified, then the [ALJ] generally will conclude that the claimant's mental impairment is not 'severe.'" *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1520a(d)(1)).

Here, the ALJ concluded that Fancher suffers a mild limitation in her activities of daily living, social functioning and concentration, persistence, and pace. (Tr. at 400.) The ALJ based her determination on Fancher's testimony, and the opinion of Dr. Noia. (*Id.* at 400-01.) Dr. Noia examined Fancher in September 2007 and noted that she had no history of treatment and reported no symptoms of depression, but complained of panic attacks

6

occurring twice a month. (*Id.* at 284-87.) Fancher's mental status examination was normal and she reported that she was able to care for her personal hygiene, prepare and cook food, do general cleaning and laundry, shop, manage money, drive, and take public transportation. (*Id.* at 285-86.) She also reported that she gets along well with friends and family. (*Id.* at 286.) Based on this examination, Dr. Noia diagnosed Fancher with panic disorder NOS, and opined that she was able to understand and follow simple instructions, perform simple and some complex tasks, maintain attention and concentration for tasks, regularly attend to a routine and maintain a schedule, learn new tasks, make appropriate decisions, and relate to and interact appropriately with others. (*Id.* at 286-87.) However, Dr. Noia noted that Fancher "appears to be having some difficulty dealing with stress." (*Id.* at 287.)

After reviewing the record, including Dr. Noia's report, psychological consultant R. Altmansberger opined that Fancher suffered mild restriction of her activities of daily living, mild difficulties in maintaining social functioning, and moderate limitations in maintaining concentration, persistence, or pace. (*Id.* at 319.) Altmansberger explained that Fancher has no history of inpatient or outpatient psychiatric treatment, but was

7

prescribed psychiatric medication by her primary care physician. (*Id.* at 325.) Further, Fancher's mental status examination was within normal limits, she is able to complete household tasks, go shopping, manage her money, drive, and maintain good relationships with family and friends. (*Id.*) Thus, Altmansberger concluded that, although Fancher "may have some difficulty responding appropriately to stress, she retains the ability to perform unskilled work." (*Id.*) The ALJ discounted Altmansberger's opinion that Fancher suffered moderate limitations in the area of concentration, persistence, and pace because it was inconsistent with Dr. Noia's report and the record as a whole. (*Id.* at 400-01.)

Fancher's testimony, which was found to be somewhat credible, and Adult Functioning Report do not evince significant limitation in her ability to do basic mental work activities. (*Id.* at 17-35, 103-13, 401-02.) Fancher reported that her ability to perform house and yard work is only restricted by her physical limitations. (*Id.* at 106.) Similarly, she reported that she cannot socialize as often as she used to due to her inability to sit for long periods of time. (*Id.* at 108.) Although she noted that she cannot concentrate "sometimes," she also explained that her back pain is the reason she cannot finish what she starts. (*Id.* at 109.) She further

reported that she gets "stressed very easily when [she cannot] do physical things." (*Id.* at 110.) Despite her alleged limitations, she reported to Dr. Noia that, beginning in April 2006, she maintained part-time employment as a house keeper. (*Id.* at 284.)

Considering Fancher's testimony, Adult Functioning Report, and reports to Dr. Noia, as well as the results of her mental status examination and Dr. Noia's opinion, the ALJ's determination—that Fancher suffered no more than mild limitation in each of the broad functional areas—is supported by substantial evidence. (*Id.* at 399-401); *see* 20 C.F.R. § 404.1520a(d)(1).

## B.  Treating Physician Rule

Next, Fancher argues that the ALJ improperly applied the treating physician rule. ( Dkt. No. 10 at 7-8.) Specifically, Fancher asserts that the ALJ "summarily dismisses" the assessments of treating physician Raphael Kon, who "is the only physician who has provided detailed RFC findings." (*Id.* at 8.)[4] The court does not agree.

Controlling weight will be given to a treating source's opinion on the

---

[4] Fancher's complaints regarding the ALJ's treatment of the opinions of the examining and non-examining medical consultants are analyzed below. (Dkt. No. 10 at 8); *see infra* Part VI.C.

9

nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."  20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner.  20 C.F.R. § 404.1527(c)(2)-(6).  The ALJ must provide "'good reasons' for the weight given to the treating source's opinion.'" *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted).  "Nevertheless, where 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision,'" it is not necessary that the ALJ "'have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability.'"  *Id*. (citation omitted).

Here, Dr. Kon completed a Physical Medical Assessment for Fancher in April 2008.  (Tr. at 335-38.)  Dr. Kon opined that Fancher cannot lift more than twenty pounds, and can stand and walk for only one hour at a

10

time for no more than a total of four hours in a work day. (*Id.* at 335-36.) Further, Dr. Kon reported that Fancher can sit for one hour without interruption for a total of two hours in a work day. (*Id.* at 336.) According to Dr. Kon, Fancher can frequently climb, but only occasionally balance, stoop, crouch, kneel, and crawl. (*Id.*) Dr. Kon explained that Fancher cannot stand for eight hours on a concrete floor. (*Id.* at 338.)

In the February 2011 order of the Appeals Council remanding Fancher's case to the ALJ, Administrative Appeals Judge A. George Lowe instructed that Dr. Kon's opinion be evaluated and weighed in accordance with the regulations. (*Id.* at 462-63.) Judge Lowe further advised the ALJ to request that Dr. Kon provide additional evidence or clarification of his opinion, if needed. (*Id.* at 462.) Upon remand, the ALJ contacted Fancher's counsel offering him a supplemental hearing, noting the additional evidence that had been submitted by counsel, and requesting that he submit any further evidence within thirty days. (*Id.* at 502-03, 511-12.) The ALJ also noted that she could not "read a word of Dr. Kon's sparse handwritten notes" and did not find support in them for his assessment. (*Id.* at 365-87, 515-31, 502.) The ALJ expounded that "[t]he assessment on its face appears to be based entirely on [Fancher's]

11

complaints of pain and personal report, not an objective evaluation of her physical capabilities," and asked counsel to "cure/clarify this evidentiary defect." (*Id.* at 502.) Fancher's counsel subsequently provided an additional medical report completed by Dr. Kon in June 2011. (*Id.* at 513-14.)

In his June 2011 report, Dr. Kon answered several questions posed to him by Fancher's counsel with respect to his prior assessment. (*Id.* at 532-33.) He stated that the objective basis for his diagnosis was an MRI showing moderate to severe disease and a bone scan. (*Id.* at 533.) However, as the ALJ pointed out, the MRI of Fancher's spine revealed mild to moderate disease. (*Id.* at 347, 349-50, 403.) After considering Dr. Kon's assessment and his clarification, the ALJ concluded that Dr. Kon's opinion was not entitled to significant weight because it was based primarily on Fancher's subjective complaints and was not supported by treatment notes or objective evidence. (*Id.* at 403.) The ALJ also noted that not all light work would require standing for eight hours on concrete. (*Id.* at 403, 537.) As it is clear that the ALJ properly applied section 404.1527(c), and because it was not supported by his treating records, the objective medical evidence, Fancher's activities of daily living, her ability to

12

work part time as a housekeeper, the results of her physical examinations, and the opinion of medical consultant I. Seok, the ALJ's decision to discount Dr. Kon's opinion is legally sound and supported by substantial evidence. (*Id.* at 149, 153, 155, 159, 170, 172, 216-18, 221, 289-91, 301-08, 344, 347-48, 349-50, 352, 355, 357, 402-03); *see* 20 C.F.R. § 404.1527(c)(3), (4), (6).

C. **RFC Determination**

Finally, Fancher contends that there is no medical basis for the ALJ's RFC determination. (Dkt. No. 10 at 8-9.) According to Fancher, the only support for the RFC determination is the opinion of a non-examining, non-physician source. (*Id.* at 9.) Further, Fancher argues that the ALJ improperly rejected any and all portions of consultative examiner James Naughten's report that support her claims of disability. (*Id.* at 8.) Again the court disagrees.

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in

the record.  *See Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 486 (2d. Cir. 2012).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *see also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Contrary to Fancher's arguments, the opinion of the "medical file reviewer," which the ALJ afforded "some weight," is not that of a non-physician, but, rather, of Dr. Seok.  (Dkt. No. 10 at 9; Tr. at 301-08, 403.)  Thus, the ALJ properly relied on Dr. Seok's opinion that the "objective medical evidence[] support[s] at least light RFC."  (Tr. at 305); *see Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) ("[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability.").  Further, the ALJ did not err in failing to adopt the opinion of Dr. Naughten outright.  *See Soto v. Astrue*, No. 08-CV-6352T, 2009 WL 1765200, at *6 (W.D.N.Y. June 22, 2009) (explaining that, while an ALJ is required to support her RFC determination with medical evidence, she is not required to adopt a physician's RFC assessment outright); *see also Reyes v. Astrue*, No. 3:09-CV-0285, 2010 WL 786253, at *7 (N.D.N.Y. Feb. 26, 2010) (finding no

error where the ALJ did not fully adopt the RFC determination of the state agency review physician, but, instead, "synthesized the findings, examined the medical records from the relevant time period, considered [the claimant's] subjective complaints, and rendered a detailed RFC determination"). Here, the ALJ explained her reasons for not adopting any limitations with respect to respiratory irritants, despite Dr. Naughten's opinion. (Tr. at 219, 402.) Specifically, treating physician Maria Galu characterized Fancher's emphysema as mild, Fancher was able to live alone and perform all activities of daily living independently, she continued to smoke, and she worked for a period of time, subsequent to her alleged onset date, as a part-time housekeeper. (*Id.* at 284, 352, 402, 498.)

In sum, because it is supported by the objective medical evidence, Fancher's daily activities, her treatment history, her work history, and the opinion of Dr. Seok, the ALJ's RFC assessment is affirmed.

## D. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Fancher's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 3, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court